02-10-413-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00413-CV

 

 


 
 
 Marilyn R. Hodge
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Texas Trust Credit Union
 
 
  
 
 
 APPELLEE
 
 


 

----------

 

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On
February 10, 2011, Appellant, acting pro se, filed her brief with this court. 
On February 11, 2011, we notified Appellant that her brief is defective in
substance and form, specifically listing the ways in which the brief does not
comply with the rules of appellate procedure.  See Tex. R. App. P.
38.1(a)–(j), 42.3.  Appellant filed an amended brief on February 22, 2011.  That
brief failed to cure a number of the defects noted in the original.  On
February 25, 2011, we notified Appellant that her amended brief still did not
conform to the rules of appellate procedure.  We also stated that failure to
file a second amended brief complying with the rules on or before March 7,
2011, could result in us striking the noncompliant brief, waiver of any
nonconforming points, or dismissal of the appeal.  See Tex. R. App. P.
38.9, 42.3(c).  Appellant has not filed a second amended brief, nor has she
responded to our second letter.

Rule
38.9 provides that “substantial compliance” with the briefing rules is required
subject to exceptions.  Tex. R. App. P. 38.9.  First, if the court determines
that the briefing rules have been flagrantly violated as to form, the court may
require the appellant to amend, supplement, or redraw her brief.  Tex. R. App.
P. 38.9(a).  If the appellant files another brief that does not comply, the
court may strike the brief, prohibit the party from filing another, and proceed
as if the party did not file a brief.  Id.

          Accordingly,
because this court informed Appellant of the substantial defects in her brief,
and Appellant failed to file an amended brief that cured those defects, we
strike Appellant’s brief and dismiss the appeal.  See Tex. R. App. P.
38.8(a)(1), 38.9(a), 42.3(c); Newman v. Clark, 113 S.W.3d 622, 623 (Tex.
App.—Dallas 2003, no pet.).

 

PER CURIAM

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.